UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE J. BERKLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:06-CV-0470 CEJ |
| ) | |
| NEW WORLD PASTA COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant New World Pasta Company's amended motion for summary judgment, pursuant to Fed. R. Civ. P. 56(c). Plaintiff claims that the defendant discriminated against her on the basis of a disability, and asserts a claim under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, et seq. Plaintiff opposes defendant's motion, and the issues are fully briefed.

**Legal Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underly-

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

ing facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

**Factual Background**

Plaintiff has been employed at New World Pasta Company since 1992, and currently operates machines which package dry pasta. In 2003, plaintiff was diagnosed with lung cancer and thereafter sought accommodations in her work schedule so that she could undergo chemotherapy and other treatment. In August of 2004, plaintiff submitted a note from her doctor stating that plaintiff should not work more than forty hours per week.

Up until the end of 2004, the company operated the pasta-packaging machines around the clock in three eight-hour shifts. In

- 2 -

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

2005, the company moved to two eight-hour shifts, but required employees to work overtime when necessary. The company is party to a collective bargaining agreement (CBA) with a union (of which plaintiff is a member) which governs the manner in which overtime is allocated. The relevant provisions of the CBA require that mandatory overtime be assigned in inverse order of seniority, so that the more junior employees of a shift will have to work more overtime.

Before the reduction in shifts, plaintiff worked on the first shift, where she was one of the least senior employees. When plaintiff sought to limit her hours to forty a week, the defendant agreed to transfer her to the third shift. On that shift, plaintiff was one of the most senior employees and rarely had to work overtime. However, plaintiff voluntarily transferred back to the first shift, and lower seniority, in September of 2004. When the three shifts became two, plaintiff apparently stayed on the first shift, even though she would have had greater seniority on the second shift. Defendant states that it twice asked the union to exempt plaintiff from forced overtime while keeping her on the first shift, but that the union refused because the overtime burden on other union members would be increased.

Plaintiff states that she is currently required to use time provided under the Family and Medical Leave Act of 1993 (FMLA) when she is required to work overtime. Although she is still employed, she claims that she has received multiple written warnings and that the next one she receives will entail termination.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

## Discussion

The ADA requires an employer to provide "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless [the employer] can demonstrate that the accommodation would impose an undue hardship." 42 U.S.C. 12112(b)(5)(A). The ADA defines "disability" as:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
>
> (B) a record of such impairment; or
>
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(2).

Plaintiff must first establish a *prima facie* case of discrimination by demonstrating that (1) she has a disability within the meaning of the ADA (or that her employer thinks she does); (2) she is qualified to perform the essential functions of her job, with or without reasonable accommodation; and (3) she has suffered an adverse employment action as a result of her disability. <u>Burchett v. Target Corp.</u>, 340 F.3d 510, 516 (8th Cir. 2003).

The defendant first argues that plaintiff is not "disabled" according to the ADA definition. Plaintiff alludes to, but does not discuss, the disabling effects of her condition and its debilitating treatment. She states that her request for a forty-hour workweek, on the recommendation of her physician, was "based on the fact that I am terminally ill with lung cancer and facing

- 4 -

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

the challenges of chemotherapy.  Presently, I am suffering from the aftermath of the chemotherapy."  Pl.'s Opp. at 2.  The Court does not doubt that plaintiff encounters some difficulty in dealing with her condition, but plaintiff has presented no argument or evidence, other than her doctor's recommendation, to show that she has an "impairment that substantially limits one or more of [her] major life activities."

According to the ADA regulations, an impairment is "substantially limiting" if it renders an individual unable to perform a major life activity that the average person in the general population can perform, or if it significantly restricts the condition, manner, or duration under which an individual can perform such an activity compared to the general population.  29 C.F.R. § 1630.2(j)(1)(i)-(iii).  Major life activities include caring for one's self, performing manual tasks, walking, seeing, hearing, breathing, learning, and working.  29 C.F.R. § 1630.2(i).

Plaintiff's implicit contention is that her condition limits the activity of working.  However, it is undisputed that plaintiff can work a forty-hour week without restriction.  Under the controlling law of this circuit, "[a]n employee is not substantially limited in the major life activity of working by virtue of being limited to a forty-hour work week."  Kellogg v. Union Pacific R. Co., 233 F.3d 1083, 1087 (8th Cir. 2000). "Although 'overtime hours may be the normal practice for many jobs,' an impairment that prohibits an individual from working over forty hours per week is 'not substantially limiting within the

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

meaning of the ADA.'" <u>Id.</u> at 1087-88, quoting <u>Taylor v. Nimrock's Oil Co.</u>, 214 F.3d 957, 960-60 (8th Cir. 2000).

Because plaintiff is not disabled within the meaning of the ADA, she cannot establish a *prima facie* case of discrimination.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's amended motion [#13] for summary judgment is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 25th day of July, 2006.

- 6 -

PDF created with FinePrint pdfFactory trial version www.pdffactory.com